**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**TAMMY CAROL SMITH**                                                     **PLAINTIFF**

                                                                           **NO. 1:19CV217-JMV**

**ANDREW M. SAUL,**
*ACTING COMMISSIONER OF SOCIAL SECURITY*                     **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits, widow's benefits, and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's oral ruling during a hearing held September 15, 2020, the Court is unable to conclude the Commissioner's decision is supported by substantial evidence in the record. Specifically, the ALJ's determination that the claimant had the physical residual functional capacity ("RFC") for a full range of light work is not supported by opinion evidence from any medical professional who reviewed the MRI reports of the claimant's back and records from her neurologists. Ultimately, it appears the ALJ relied solely on his own lay opinion to conclude that raw medical data translated into functional limitations consistent with light work, and the claimant was prejudiced by the ALJ's failure to seek a medical source statement.[1]

---

[1] It is well established in this district and the Fifth Circuit that an ALJ may not play doctor in the context of interpreting the significance of raw medical data. *Melvin v. Astrue*, No. 1:08CV264-SAA, 2010 WL 908495, at *4 (N.D. Miss. March 9, 2010) ("Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a

On remand, the ALJ must reconsider the claimant's physical RFC and issue a new decision. The ALJ must, at minimum, obtain the assistance of a medical consultant, who must be provided with all the claimant's pertinent medical records and who must submit a physical RFC assessment (function-by-function). If necessary, the ALJ must also obtain supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform in view of all her limitations and the relevant vocational factors. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 16th day of September, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.") (citations omitted). *See also Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003) (noting an ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help" and citing with approval the Seventh Circuit's warning to "ALJ's against 'playing doctor' and making their own independent medical assessments") (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)); *Ripley v. Charter*, 67 F.3d 552, 558 n.27 (5th Cir. 1995) (finding substantial evidence did not support the ALJ's RFC determination because the court could not determine the effect the claimant's conditions, "no matter how 'small," had on his ability to work, absent a report from a qualified medical expert); *Williams v. Astrue*, 355 F. App'x 828, 831 (5th Cir. 2009) (reversing and remanding because the ALJ improperly interposed his own opinion when there was "no evidence supporting the ALJ's finding that [Plaintiff] can stand or walk for six hours in an eight-hour workday"); *Thornhill v. Colvin,* No. 3:14cv335-M*,* 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley* and noting the problem with the ALJ's RFC determination was "the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations"). In this case, the ALJ's failure to obtain a physical medical source statement after the record had been supplemented with additional medical evidence prejudiced the claimant. *See id.* ("Prejudice is demonstrated where the ALJ could have obtained evidence that might have changed the result—specifically, a medical source statement [addressing what effect the claimant's conditions had on her ability to work].").