IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TAMMY CAROL SMITH**                                                                **PLAINTIFF**

**NO. 1:19CV217-JMV**

**ANDREW M. SAUL,**
*ACTING COMMISSIONER OF SOCIAL SECURITY*             **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's petition [20] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); Defendant's response [21]; and Plaintiff's reply [22]. Having duly considered the parties' submissions, the record, and the applicable law, the Court finds the motion should be granted.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying claims for benefits. By Final Judgment [19] dated September 16, 2020, this Court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks an award of fees in the amount of $7,473.50 for payment to her attorney for 36.75 hours of work calculated at a rate of $201.98 per hour for 6 hours in 2019 and $203.63 per hour for 30.75 hours in 2020. Plaintiff makes this request on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified." Plaintiff also seeks reimbursement for the $400.00 filing fee paid to initiate this action.

The Commissioner opposes the motion for two reasons: 1) the requested hourly rate for 2020 does not reflect an accurate adjusted statutory hourly rate and 2) time indicated for certain tasks is excessive. Additionally, the Commissioner points out in a footnote the filing fee requested by Plaintiff should be characterized as a cost, not an expense.

The Equal Access to Justice Act provides for the award of court costs and attorney fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue*, 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988). There is no dispute here that Plaintiff was the prevailing party and that the government's position was not substantially justified. Accordingly, the undersigned will focus on the 2020 hourly rate and the number of hours logged by counsel.

The EAJA as amended in 1996 set a ceiling for hourly attorney fees at $125.00 per hour, "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 42 U.S.C. § 2412(d)(2)(A). The statute itself does not specify the manner for calculating the cost of living, but this Court has routinely awarded attorney fees calculated using the National Consumer Price Index. Specifically, the Court has determined the South Urban Regional Consumer Price Index is the appropriate index to use for calculating attorney fee awards in this district. *Fowler v. Colvin*, No. 4:14CV00039-JMV, 2014 WL 7187086, at *2 (N.D. Miss. Dec. 17, 2014) (unpublished).

Again, Plaintiff seeks an hourly rate of $203.63, while the Commissioner, on the other hand, submits the appropriate adjusted statutory hourly rate should be $202.83. The Commissioner's figure is based on the CPI figure for the first half of 2020 and results in a fee of $6,237.02, while Plaintiff's figure represents a CPI average for the months January through October 2020 and results in a fee of 6,261.62.[1] The Court rejects the Commissioner's

---

[1] The difference between the parties' figures is $24.60.

summation, first, because he has provided no legal authority on point and, second, because his view does not reasonably take into account the portion of counsel's work that extended well into the second half of 2020. Based on the updated CPI table attached, a higher figure than what Plaintiff submits is actually obtained.[2] Nevertheless, for the reason that follows, the Court finds the hourly rates requested for both 2019 and 2020 are appropriate and fair.

Next, with respect to the Commissioner's objection to compensating counsel for "clerical" tasks, the Court finds the same is well taken as it relates to most of the time logged for preparing and mailing copies of the summons (1.5 hours). Plaintiff has provided neither legal authority nor sufficient argument in favor of a different conclusion. The Court finds the Commissioner's arguments with respect to excessiveness of time expended for other tasks is not well taken, however. Ultimately, for the reasons stated above; the fact the total fee requested by counsel is comparable to prior fee awards made by this Court; and considering counsel is not seeking additional time for litigating fees,[3] the undersigned finds the original fee request in this case is reasonable despite any reduction for the clerical tasks listed above.

---

[2] Review of Bureau of Labor Statistics data indicates a given year's CPI is obtained by determining the average of the CPI for the first half and the CPI for the second half of that year. *See* CPI table at https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUUR0300SA0,CUUS0300SA0. In this case, the "Half 1" figure for 2020 is 247.288. Because no "Half 2" figure is available (because a December figure has yet to be determined), the Court finds it is reasonable to use the average CPI for the months July through November 2020, 249.850. The resulting CPI figure for 2020 is 248.569 ((247.288 + 249.850)/2). The resulting hourly rate for 2020 is, therefore, $203.88 calculated as follows:

$$\frac{248.569 \text{ (2020 average CPI)} \times 125 \text{ (cap rate)}}{152.4 \text{ (March 1996 CPI)}} = 203.88$$

[3] Under the EAJA fees incurred in litigating a fee application are compensable. *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170–71 (5th Cir. 1990) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Yearout v. Astrue*, No. 3:10cv0430-L-BH, 2011 WL 2988421, at *1 n. 1 (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections); *Dounley v. Astrue*, No. 3–08–CV–1388–O–BH, 2010 WL 637797, at *3 n.l (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee

Finally, the Court agrees with the Commissioner that the $400.00 filing fee paid by Plaintiff should be reimbursed as a cost, not an expense.

THEREFORE, IT IS ORDERED

That the Commissioner shall promptly pay Plaintiff a total of $7,473.50 in attorney fees for the benefit of her counsel and $400.00 in costs.

This 22nd day of December, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

application against Commissioner's objections).